UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| HANK EARL MOSS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No.: 3:16-CV-219-TAV |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## **MEMORANDUM OPINION**

This is a pro se prisoner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. On April 19, 2018, the Court entered an order requiring Respondent to respond to the § 2255 motion [Doc. 2]. The United States Postal Service ("USPS") returned the Clerk's mail to Petitioner containing that order as undeliverable [Doc. 3], and the Court subsequently updated Petitioner's address by using the Bureau of Prisons' inmate locater (https://www.bop.gov/inmateloc/).

Also, on June 25, 2018, the Clerk sent Petitioner a notice regarding the requirement that pro se parties promptly notify the Clerk and other parties of any change of address within fourteen days of the change of address, which specifically notified Petitioner that failure to timely respond to an order or pleading addressed to the last address he provided to the Clerk may result in dismissal of the action [Doc. 7]. The USPS did not return the mail containing that notice to the Clerk.

Next, on November 8, 2018, the Court entered an order noting that Petitioner did not sign his § 2255 motion, directing the Clerk to return the signature page to Petitioner,

and requiring Petitioner to sign and return that page within fifteen days [Doc. 9]. Petitioner did not comply with this order and the USPS returned the mail containing that order to the Court [Doc. 10].

Rule 41(b) of the Federal Rule of Civil Procedure[1] gives this Court the authority to dismiss a case for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court." *See, e.g.*, *Nye Capital Appreciation Partners, L.L.C. v. Nemchik*, 483 F. App'x 1, 9 (6th Cir. 2012); *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362–63 (6th Cir. 1999). The Court considers four factors when considering dismissal under Fed. R. Civ. P. 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005); *see Reg'l Refuse Sys., Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 155 (6th Cir. 1988).

As to the first factor, the Court finds that Petitioner's failure to respond to or comply with the Court's previous order is due to Petitioner's willfulness or fault, as Petitioner did not timely notify the Court of his change in address despite the Court notifying him that he

---

[1] To the extent they are not inconsistent with the Rules Governing § 2254 and 2255 Cases, the Federal Rules of Civil Procedure apply to this proceeding. Rule 12 of the Rules Governing § 2254 and 2255 Cases.

is required to do so and the consequences of not doing so. It is further apparent that Petitioner did not monitor this action as this Court's Local Rule 83.13 requires.

As to the second factor, the Court finds that Petitioner's failure to comply with the Court's order has not prejudiced Respondent.

As to the third factor, the Court warned Petitioner that the Court may dismiss the case if he did not timely respond to an order or timely update the Clerk regarding a change in address [Doc. 7].

Finally, as to the fourth factor, the Court finds that alternative sanctions would not be effective, as Petitioner is a prisoner who has not pursued his § 2255 motion since he filed it more than two years ago.

For the reasons set forth above, the Court concludes that the relevant factors weigh in favor of dismissal of this action pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. *Erby v. Kula*, 113 F. App'x 74, 76 (6th Cir. 2004 (affirming district court's dismissal of civil rights complaint for want of prosecution where the plaintiff did not comply with deficiency order that warned the plaintiff that failure to comply would result in dismissal of the case).

Accordingly, Petitioner's motion [Doc. 1] will be **STRICKEN** due to his failure to sign the motion and this action will be **DISMISSED** for want of prosecution pursuant to Rule 41(b).

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. As the Court has dismissed this action on procedural

grounds without reaching the merits of the underlying claims and jurists of reason would not find it debatable that the Court is correct in its procedural ruling that this action is subject to dismissal due to Petitioner's failure to prosecute, *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), a certificate of appealability **SHALL NOT ISSUE**.

Further, the Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** Petitioner leave to proceed *in forma pauperis* on appeal. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE